Opinion op the Court,
by Ch. J. Boyle.
THIS was an action of covenant brought in the name of Baskett, for the use of Triplett, against Joseph A. Andrew Scott and Nathaniel Scott, upon a h°nd executed by them to Basket, as sheriff of Nicholas county, with condition as follows: “Whereas a subpoena in chancery issued from the Bath circuit court, directed to the sheriff of Nicholas county, in favor of Thomas Triplett, against the above bound Joseph A. Hopkins and others, with an injunction endorsed therereclu‘ring the sheriff of Nicholas to hold the said Hopkins to bail, in the sum of seven hundred dollars, which was duly served on the said Hopkins, who offers (.he above bound Andrew Scott and Nathaniel Scott, as his securities, to be bound with him according to the terms of the endorsement. Now, if the said Joseph A. HLopltins, shall not leave the commonwealth of Kentueky, until the farther order of the Bath circuit court, and shall well and truly abide by and perform such de- and order as the said Bath circuit court may here-pronounce in said cause, then the said obligation to be void; else to remain in full' force.”
The declaration, after setting forth the bond and con^hion, a^eiies for breaches of the condition, that Hop-k*ns had departed from the commonwealth, without the further order of the court, and that he did not abide by and perform the decree of the court, thereafter made, requiring him to pay to Triplett several sums of money, therein stated. The writ abated by the return of the sheriff against Hopkins, and the other defendants fail-to aPPear) judgment by default was entered against them, and a writ of inquiry awarded, whereupon damages were assessed by the jury to $400 41 1-2. The defendants then moved in arrest of judgment, on the "ground that the declaration is bad, and furnishes no legal cause of action. This motion was sustained, and judgment given for the defendants, to reverse which, the plaintiff prosecutes this writ of error.
endorsement on a 2ghan*ery,m cannot ba ^ * ° Ue eX
The sufficiency of the declaration is, in this court, and probably was in the court below, mainly questioned on the ground that the bond declared on is void, and if that point be for the defendant, no other need be ticed.
By the 10th section of the act concerning sheriffs, Dig. L. K. 1136, it is provided, that “it shall not be lawful for any sheriff or his deputy, to take any obligation of or from any person or persons, in his custody, for or concerning any matter relating to his office, otherwise payable than to himself as sheriff, and dischargeable upon the prisoner’s appearance and rendering himself at the day and place required in the writ whereupon he was or shall be taken or arrested, and every obligation taken in any other manner or form, by colour of his office, shall be null and void, except in any special case, any other obligation is or shall be, by law, particularly and expressly directed.
It is clear, that the obligation in question here, was not taken in conformity to the requisitions of this act; for it is not only not dischargeable upon the appearance of the defendant at the day and place required in the writ, but was conditioned that the defendant should not leave the commonwealth, and should abide by and perform such decree as the circuit court of Bath might thereafter pronounce; and being taken by the plaintiff under colour of his office of sheriff, it must, according to the unambiguous import of the act, be null and void, unless there be some other law, particularly and expressly directing such an obligation to be taken. Is there, then, any other law, directing or authorising the bond in this case to be taken? We know of none such.
It is probable that the bond was intended to be talced as in case of a writ of ne exeat; but it does not appear that there was any such writ; for the endorsement on the subpoena in chancery, cannot, we apprehend, be treated as a writ of ne exeat. Supposing, however,.such a writ to have been regularly issued, it could only have required the sheriff to take of the defendant in the writ; an obligation not to depart from the commonwealth, and an obligation conditioned furthermore, as the one in question here is, to abide by and perform the decree of the court, would be contrary to the express provisions of the act before recited, and, of course, would be void. The act concerning writs of ne exeat. (2 Dig. *210 L. K. 945,) instead of authorising a bond with such a condition, plainly implies that the bond should be taken with the condition only, that the defendant should not depart from the commonwealth. This is more especially implied in the second and third sections of the act, and there is, in no part of the act, any intimation that the bond should contain any other or further condition.
Judgment affirmed with costs.